UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY DIXON,

                Plaintiff,

    - against -

DORA SHIRO, et al.,

               Defendants.

**REPORT AND RECOMMENDATION**

10 Civ. 6668 (LTS) (RLE)

To the HONORABLE LAURA TAYLOR SWAIN, U.S.D.J.:

*Pro se* Plaintiff Larry Dixon filed his Complaint in the instant action on September 8, 2010, at which time he was incarcerated in the George R. Vierno Center. On or about September 29, 2010, a Service Package was mailed to Dixon at the address noted on the docket sheet. On or about October 12, 2010, the Service Package was returned to the *Pro Se* office in this District as undeliverable, as Dixon had been released. Service has not been effected in this case and Dixon has made no effort to file a change of address or otherwise contact the Court. Therefore, the Court recommends that Dixon's case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A district court may *sua sponte* dismiss a case for Plaintiff's failure to prosecute. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *see also* FED. R. CIV. P. 41(b). Failure to prosecute "'can evidence itself . . . in an action lying dormant with no significant activity to move it . . . .'" *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir. 1992) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). In the instant case, the record indicates that in failing to serve any defendants or respond to orders from the Court, Dixon has failed to pursue his claim. He has failed to contact the Court since his release, or to indicate in any way his intent to continue with this case. Therefore, the Court concludes that Dixon's noncompliance warrants dismissal of the action.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Laura Taylor Swain, 500 Pearl Street, Room 757, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**DATED: January 7, 2011**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**A Copy of this Report and Recommendation was sent to:**

<u>Pro se Plaintiff</u>
Larry Dixon
George R. Vierno Center/G.R.V.C.
09-09 Hazen Street
East Elmhurst, NY 11370

<u>Counsel for Defendant</u>
The City of New York Law Department
100 Church Street
New York, NY 10007